Chester Rothstein (CR 1417)
Kenneth M. Bernstein (KB 0894)
David Mitnick (DM 0064)
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, New York 10016
(212) 336-8000

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -x

TOWN & COUNTRY LINEN CORP.,

                Plaintiff,

    v.

P/KAUFMANN, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - -x

Civil Action No. 07 CV 3159 (MGC)

*ECF Case - Filed Electronically*

## DECLARATION OF DAVID MITNICK

    David Mitnick declares the following:

    1.    I am an associate attorney in the law firm of Amster, Rothstein & Ebenstein LLP, counsel of record to Town & Country Linen Corp. ("T&C"), the plaintiff in the above-styled action. I am over the age of twenty-one (21) and am competent and authorized to make and deliver this Declaration.

    2.    I submit this Declaration in support of T&C's Opposition to Defendant's Motion to Dismiss. If called as a witness, I could and would testify competently as to all facts set forth herein.

374184.1

3.      Attached hereto as Exhibit A is a true and correct copy of a letter sent by counsel for P/Kaufmann, Inc. ("P/Kaufmann"), Michael Fischman, Esq., to counsel for T&C, Kenneth Bernstein, Esq., dated June 26, 2007, enclosing a courtesy copy of a Summons and Complaint that was filed by P/Kaufmann in New York State Supreme Court, New York County on June 20, 2007.

4.      For a number of reasons, it was very difficult for T&C to discover that P/Kaufmann had filed, and that the Copyright Office had rejected, applications for the Zephyr fabric pattern in 2001 and 2004. First, P/Kaufmann's copyright applications for Zephyr were not filed in the name of P/Kaufmann, but were instead filed in the name of a company called "Western Textile", apparently one of many P/Kaufmann divisions. *See* Complaint at Exhibit C.

5.      Second, upon information and belief, the Copyright Office does not provide any database on its website, located at the domain www.copyright.gov, to search in-process or rejected applications. The Copyright Office's website only reflects registrations that have been granted, and one has to know the correct identity and spelling of the applicant, as well as the name it has used on the application to correspond to a design. Therefore, if after conducting searches, one does not identify the registration being sought, one cannot be sure whether it might be listed under a different name or spelling, or that it is still "in process."

6.      A number of months ago, I searched the Copyright Office website for a registration belonging to P/Kaufmann for the fabric pattern at issue. I received hundreds and hundreds of hits when I searched for the terms "ZEPHYR", "P KAUFMANN" AND "P. KAUFMANN". I had to click on each hit separately to determine if it belonged to Plaintiff or was for the pattern I was looking for, and there is no picture of the design for each reference. None appeared to be for the pattern-at-issue.

7.      As a result, on behalf of T&C, I engaged a specialized research firm, Thomson & Thomson, to conduct a more in-depth investigation, which took a number of weeks to complete and involved two phases.  Upon information and belief, Thomson & Thomson sent a representative to the Copyright Office in Washington, D.C., and conducted searches for existing copyright registrations, copyright assignments and "in-process" applications, which are only searchable on a dedicated computer located at the Copyright Office.  Upon information and belief, Thomson & Thomson also made phone calls to contacts it had at the Copyright Office to track down physical records that had been misfiled.

8.      Only then was T&C able to confirm that a company called Western Textile had filed an application for a design called "Zephyr" on April 1, 2001, which was denied registration.  The letter of rejection from the Copyright Office stated that:  "We cannot register these works because they lack the artistic or sculptural authorship necessary to support such copyright claims.  . . . [C]opyright does not protect familiar symbols and designs [or] minor variations of basic geometric shapes . . . ."  *See* Complaint at Exhibit C.

9.      T&C was also able to confirm that a company called Western Textile had filed a second application for a design called "Zephyr" on or about November 23, 2004, but T&C could not confirm the denial of that application with one-hundred-percent certainty.  T&C had no way to confirm that there was not a third application for a design called "Zephyr" that had been granted a registration under another name or spelling or remained "in process."

10.     I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, NY
        July 5, 2007

_____
David Mitnick

374184.1                                3